IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD HAWKINS, )
      Petitioner, )
       )
v. ) Civil Action No. 08-1605
       ) Criminal Action No. 05-06
       )
UNITED STATES OF AMERICA, )
      Respondent. )

MEMORANDUM AND ORDER OF COURT

Gary L. Lancaster,
District Judge.                                    February 18, 2009

This is an action to vacate sentence. On July 12, 2006, petitioner, Howard Hawkins, was found guilty by jury of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1). On December 8, 2006, this court sentenced petitioner to 180 months incarceration to be followed by five years supervised release. Petitioner has now filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 [crim. doc. no. 89].

Petitioner contends that his trial counsel was ineffective for failing to investigate and properly assess his status as an armed career offender. Petitioner alleges that as a result of his counsel's reliance on a partial Pre-Sentence Investigation Report which concluded that he was not an armed career offender, petitioner rejected an 87 month plea offer and proceeded to trial on the assumption that he only faced a statutory maximum sentence of ten years. After being found guilty at trial,

however, petitioner was determined to be an armed career criminal and sentenced to 180 months incarceration despite his understanding that he only faced a ten year maximum sentence.

Petitioner also alleges that his sentence violates the Due Process Clause of the Fourteenth Amendment because he was mislead as to the maximum length of the sentence.

The government opposes petitioner's motion to vacate sentence and argues that this Court should deny the motion because petitioner was not denied the effective assistance of counsel and was not denied his due process of law. For the reasons that follow, petitioner's motion to vacate sentence will be denied.[1]

Petitioner has alleged that he was denied the effective assistance of counsel. In order for petitioner to succeed on an ineffective assistance of counsel claim, he must prove: (1) that his counsel was deficient, and (2) that he was prejudiced by his counsel's deficiency. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The Court of Appeals for the Third Circuit advises that we should first evaluate the prejudice prong of the <u>Strickland</u> analysis because "this course of action is less burdensome to

---

[1] A district court is required to hold an evidentiary hearing on a motion to vacate filed under 28 U.S.C. § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); <u>United States v. Lilly</u>, 536 F.3d 190, 195 (3d Cir. 2008). Based on our review of the motion and response thereto, along with the record, we hold that a hearing is not required here because it is clear that petitioner is not entitled to relief.

defense counsel." United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (quoting United States v. McCoy, 410 F.3d 124, 132 n.6 (3d Cir. 2005))(internal quotations omitted).

To establish prejudice, petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000). In other words, petitioner here must show that there is a reasonable probability that his counsel's errors resulted in the imposition of an increased prison term. Glover v. United States, 531 U.S. 198, 200 (2001).

We find the record is clear that, while the partial Pre-Sentence Investigation Report received by the parties prior to trial indicated that petitioner was not an armed career offender, petitioner was aware that the government contested the position of the Probation Office. [Crim. Doc. Nos. 74 at 3; 84 at 6-7]. Moreover, the plea letter offered by the government prior to trial clearly anticipated a sentence higher than ten years. The plea letter set forth a provision stating that, if petitioner had three previous convictions for violent felonies or serious drug offenses, then the term of his imprisonment would have a fifteen year minimum. The record shows that petitioner has the requisite criminal history to meet this three conviction requirement.

3

Accordingly, contrary to petitioner's assertions, the government's plea offer did not guarantee him an 87 month sentence and petitioner was reasonably informed that the government contended that he should receive a mandatory minimum sentence of fifteen years imprisonment as an armed career offender. Petitioner's choice to forego the government's plea offer and proceed to trial on the assumption that he would receive no more than ten years incarceration, therefore, was not a result of his lack of awareness of the possibility that he could be sentenced as an armed career criminal.

In any event, petitioner's sentence did not depend on his status as an armed career criminal. Rather, his offense level and criminal history scores mandated a criminal history category of VI, which carries a Guidelines range of 235 to 293 months incarceration. His status as an armed career criminal also mandated an enhancement to a criminal history category of VI. Because his armed career criminal status made no difference to his criminal history category of VI and to this court's determination of his sentence, petitioner's allegation that he received a higher sentence because of ineffective assistance of counsel has no merit. To the contrary, petitioner can show no reasonable probability that, but for counsel's alleged errors, his sentence would have been decreased in length. Indeed, the court even departed downward from the Guidelines range and sentenced him to 180 months

incarceration. The record, therefore, conclusively shows that petitioner is not entitled to relief on his claim for ineffective assistance of counsel.

Petitioner also raises one additional ground for relief: that his sentence "violates the Due Process Clause because he was misled regarding the maximum sentence he faced if he rejected a plea bargain and proceeded to trial." [Crim. Doc. No. 89 at 6]. Because the record clearly shows that petitioner was not misled as to the length of his sentence and that his sentence would not have changed had he accepted the government's plea offer, see supra, we find petitioner's claim to be baseless and it merits no further discussion.

IT IS HEREBY ORDERED that petitioner's motion to vacate sentence [crim. doc. no. 89] is DENIED.

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

_____, J.

cc: All Counsel of Record

Howard Hawkins
#08404-068
USP-Allenword
PO Box 3000
White Deer, PA 17887

5